UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL KEITH RILEY,

      Plaintiff,                                 Case No. 2:09-cv-1150
                                                         JUDGE GREGORY L. FROST
      v.                                            Magistrate Judge E.A. Preston Deavers

HAROLD PALMER,

      Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of a motion for judgment on the pleadings and memorandum in support filed by Defendant, Harold Palmer. (Doc. # 13.) Plaintiff, Michel Riley, has neither filed a memorandum in opposition nor requested an extension to file such a response. For the reasons that follow, the Court finds the motion well taken.

### I. Background

Because the Complaint lacks much detail, the Court can describe the alleged facts of this case only in general terms. Riley, who is proceeding *pro se*, asserts that he works for the Columbus Board of Education ("the Board"). He alleges that he has a work-related disability, which he does not identify, and asserts that the Board has discriminated against him for almost eight years as a result of this disability. Previously, Riley asserts, he had a promotion taken away from him and had been fired, although he was rehired as a result of civil service commission proceedings. Riley states in his pleading that Palmer is president of the Ohio Association of Public School Employees ("OAPSE")/AFSCME Local 4, AFL-CIO, a union to

1

which Riley belongs. The complaint asserts at least one claim against Palmer for the his purported failure to act on Riley's behalf to prevent discrimination, harassment, and retaliation.

In his Answer, Palmer asserts that he is a union employee, denies that he is the union president, denies that he has failed to protect Riley's rights, and denies that he has assisted in any discrimination against Riley. Palmer has filed a motion for judgment on the pleadings, which is ripe for disposition. (Doc. # 13.)

## II. Discussion

### A. Standard Involved

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Such a motion attacks the sufficiency of the pleadings and is evaluated under the same standard as a Rule 12(b)(6) motion to dismiss. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). To survive such a motion, a complaint must therefore contain sufficient factual matter, accepted as true, to render a claim plausible and not merely possible. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### B. Analysis

As noted, the *pro se* Complaint fails to set forth clearly the claim or claims Riley seeks to assert. The Complaint does reference "the ADA Act," which invokes the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Palmer moves for judgment on the pleadings on any ADA claim, to the extent one has been pled, on the grounds that the Complaint fails to allege that Riley exhausted his administrative remedies.

It does not appear to this Court that Riley intends to assert a claim under the ADA against Palmer. Rather, it appears that Riley is asserting a claim against Palmer for his alleged failure to

2

act to stop the Board's violating the ADA. To the extent Riley may have intended to assert an ADA claim here, however, the Court recognizes that such a claim is problematic. The Sixth Circuit has held that a "[f]ailure to timely exhaust administrative remedies is an appropriate basis for dismissal of a Title VII or ADA action." *Williams v. Nw. Airlines, Inc.*, 53 F. App'x 350, 351 (6th Cir. 2002). This is because "[t]he exhaustion of administrative remedies is a condition precedent to a Title VII or ADA action." *Id.* Riley's Complaint fails to allege that he ever filed a charge that would serve to exhaust his administrative remedies, much less when it was filed, what he alleged, whether he received a right to sue letter, or when he received it. Accordingly, dismissal of any ADA claim is warranted.

Palmer also argues in his Rule 12(c) motion that to the extent that Riley is predicating a claim on Palmer's being a state actor–Riley identifies 28 U.S.C. § 1343(3) as relevant in the Complaint–Riley has failed to plead that Palmer is a state actor and that any state action was part of the factual allegations. This Court agrees and concludes that Riley has failed to plead any plausible claim predicated on Palmer being a state actor or on state action being involved.

This leaves for discussion Palmer's argument that, to the extent that the Complaint asserts a duty of fair violation claim predicated on Ohio Revised Code Chapter 4117, such a claim is under the exclusive jurisdiction of the State Employment Relations Board. *See, e.g., Hout v. City of Mansfield*, 550 F. Supp. 2d 701, 728 (N.D. Ohio 2008) (discussing Chapter 4117 in finding that a district court lacked subject matter jurisdiction over a duty of fair representation claim asserted against a union); *Breckenridge v. Johnson*, No. 2:07-CV-0345, 2007 WL 3400591, at *3 (S.D. Ohio Nov. 13, 2007) (discussing Chapter 4117 and explaining why district court lacked jurisdiction over fair representation claim against union). The pleading does not reference the Ohio Revised Code and Riley has failed to respond to the Rule 12(c) motion at all,

much less in a manner that would clarify his Complaint.  At best, this Court can discern an attempt to invoke the ADA, and to the degree Riley asserted any such federal claim, it is no longer part of this action.  In the absence of any indication as to the nature of any claim that Riley seeks to assert invoking state law rights, this Court is reluctant to categorize such a claim and then render a narrow decision on the claim.

Thus, to the extent Riley has pled any state law claim, this Court declines to retain jurisdiction over such a supplemental claim.  *See Jackson v. Heh*, 215 F.3d 1326, 2000 WL 761807, at *8 (6th Cir. 2000) (unpublished table decision) (referencing 28 U.S.C. § 1367 and stating that "[w]here, as here, a federal court has properly dismissed a plaintiff's federal claims, there is a 'strong presumption' in favor of dismissing any remaining state claims unless the plaintiff can establish an alternate basis for federal jurisdiction." (citing *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996))).  The Court emphasizes that it expresses no opinion as to the merits of any such state law claim.  To the extent that Riley has instead pled a federal claim predicated on a state law duty of fair representation, he has failed to identify the statutory basis for such a claim, has failed to overcome the argument for a lack of jurisdiction in this Court, and has failed to plead that he exhausted any administrative remedy, to the extent such exhaustion might be required.  *See Hout*, 550 F. Supp. 2d at 728 ("this Court has no jurisdiction to entertain a claim of breach of duty of fair representation where, as here, the plaintiffs have failed to exhaust their administrative remedies with the [State Employees Review Board]").  Under any of these theories targeting any of the possible claims intended, dismissal is warranted.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Palmer's motion in regard to the federal

4

claim or claims asserted.  (Doc. # 13.)  Additionally, to the extent Riley asserted a state law claim, the Court declines to exercise jurisdiction over any such claim.  The Clerk shall enter judgment accordingly and terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE
